UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAQUIN SCOTT,

    Plaintiff,

v.                        Case No. 3:22-cv-349-MMH-PDB

WARDEN GODWIN and
SERGEANT KISER,

    Defendants.

## ORDER

### I. Status

Plaintiff Saquin Scott, an inmate in the custody of the Florida Department of Corrections (FDOC), initiated this action on March 22, 2022, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1)[1] with attachments (Doc. 1-1). In his Complaint, Scott asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Warden Godwin and Sergeant Kiser. He alleges that Defendants violated the Eighth Amendment when they failed to protect him from another inmate's attack at Columbia Correctional Institution (Columbia CI) on October 25, 2021. As relief, Scott seeks compensatory and punitive

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

damages. He also asks the Court to transfer him to the Federal Bureau of Prisons because "the [Florida] Department of Corrections has been unable to protect [him]." Complaint at 10.

This matter is before the Court on Defendants' Motion to Dismiss (Motion; Doc. 7). Scott filed a response in opposition to the Motion. See Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss (Response; Doc. 10). Defendants' Motion is ripe for review.

## II. Plaintiff's Allegations

As to the specific underlying facts supporting his claims, Scott asserts that on October 25, 2021, at approximately 5:00 a.m., he was in the dayroom of T-1 dorm. Complaint at 7. He maintains Sergeant Kiser, the dorm supervisor at the time, was inside the security station. Id. According to Scott, inmate Allen Cashe approached him brandishing a "homemade knife." Id. He contends Cashe stabbed him twice in his left hand and four times in his left leg. Id. Scott alleges that, while he attempted to defend himself, he fell on his back onto the floor. Id. He maintains that the attack continued for approximately 4 or 5 minutes. Id. Scott states that he observed Sergeant Kiser in the security station "calmly watching" the incident without taking any action. Id.

2

While Scott lay on the floor, Cashe stabbed another inmate, Everette Black, in the face.² Id. Scott asserts that Cashe chased Black around the dayroom and yelled that he would kill Black. Id. Sergeant Kiser allegedly continued to watch the incident without using her radio, "activating her personal body alarm, or otherwise calling for additional security assistance." Id. at 7-8. Scott states that approximately 10 to 15 minutes after the beginning of the incident, Captain Teems and other officers entered the dayroom and handcuffed Cashe. Id. at 8. He avers that Columbia CI Warden Godwin and Sergeant Kiser failed to protect him from the attack in violation of the Eighth Amendment. Id. at 4.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless,

---

² Black also has a pending civil rights case based on the same incident. See Black v. Godwin, 3:22-cv-00260-MMH-JBT (Fla. M.D.).

the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"

4

which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

### IV. Summary of the Arguments

In Defendants' Motion, Warden Godwin argues that Scott's claims against him should be dismissed because: (1) Scott fails to state an Eighth Amendment claim upon which relief can be granted; (2) Warden Godwin, as a supervisory official, is not liable under 42 U.S.C. § 1983; and (3) Warden Godwin is entitled to Eleventh Amendment immunity. See Motion at 3-7.

5

Sergeant Kiser also contends that she is entitled to Eleventh Amendment immunity. See Motion at 6-7. In response, Scott asserts that he has stated plausible claims upon which relief may be granted and asks the Court to deny the Motion. See Response at 3-4.

## V. Analysis

### A. Eighth Amendment Failure to Protect

In the Complaint, Scott asserts that Warden Godwin violated his Eighth Amendment right by failing to protect him from Cashe's attack. Complaint at 4. He contends Warden Godwin "allow[ed] [him] to be assaulted without a proper and protective response from [Warden Godwin's] subordinates." Id. Scott further alleges that Warden Godwin did not fulfill his duties pursuant to the Florida Administrative Code, which provides that prison officials "are responsible for the search of inmates and the control of contraband." Id.

Warden Godwin argues that Scott does not allege an excessive risk of violence existed at Columbia CI, and since he had no personal involvement in the incident, the Court must dismiss the claim against him. Motion at 5-6. In response to the Defendants' Motion, Scott argues that Warden Godwin's failure to ensure officers regularly search cells for contraband resulted in the attack.

Response at 2. He further avers that Columbia CI has a "pervasive history and culture of stabbings and assaults." Id. at 3.

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." Id. at 828 (citations omitted). The deliberate indifference standard requires the plaintiff to demonstrate that the prison official "was subjectively aware" of a risk of harm; mere negligence is insufficient. Id. at 829, 835-36. The Eleventh Circuit has explained the requirement of deliberate indifference to a substantial risk of harm as follows:

> To succeed on a failure-to-protect claim, a plaintiff must satisfy three elements. First, the plaintiff must show that [he] was "incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. 1970.[3] Second, the plaintiff must show that the "prison official [had] a sufficiently culpable state of mind," amounting to "deliberate indifference." Id. (internal quotation marks omitted). Third, and finally, the plaintiff must demonstrate causation—that the constitutional violation caused [his] injuries. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). . . .
>
> . . . .

---

[3] Farmer v. Brennan, 511 U.S. 825 (1994).

> Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837, 114 S.Ct. 1970. "Deliberate indifference has two components: one subjective and one objective." Mosley v. Zachery, 966 F.3d 1265, 1270 (11th Cir. 2020) (internal quotation marks omitted). A prisoner must establish "both that [1] the defendant actually (subjectively) knew that [the prisoner] faced a substantial risk of serious harm and that [2] the defendant disregarded that known risk by failing to respond to it in an (objectively) reasonable manner." Id. (alterations adopted) (internal quotation marks omitted).

Cox v. Nobles, 15 F.4th 1350, 1357-58 (11th Cir. 2021), cert. denied, 142 S. Ct. 1178 (2022).

Here, Scott does not allege any facts that would allow the Court to draw the reasonable inference that Warden Godwin knew Scott faced a substantial risk of serious harm and failed to protect him from it. For instance, he does not assert that inmate attacks frequently occurred at Columbia CI, nor does he contend that Cashe previously threatened him, so that Warden Godwin would have had notice that a risk of harm existed. To the contrary, in the grievances attached to his Complaint, Scott contends he did not have "any bad words, any beef, [or] history" with Cashe before the attack. Doc. 1-1 at 4. Although Scott argues in his Response that stabbings and assaults frequently occur at Columbia CI, see Response at 3, he may not amend his Complaint in a response

8

to a motion to dismiss, see Fed. R. Civ. P. 7(b); Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (noting that a plaintiff cannot raise new arguments in a response to a motion to dismiss and instead must seek leave to amend his complaint).[4] Upon review, the Court concludes that Scott has not alleged facts sufficient to state a plausible Eighth Amendment claim for relief against Warden Godwin. As such, Defendants' Motion is due to be granted as to Scott's Eighth Amendment claim against Warden Godwin.

## B. Supervisory Liability

Warden Godwin contends that Scott has failed to allege he personally participated in the underlying constitutional violation, and therefore Scott has not pled facts sufficient to establish supervisory liability under 42 U.S.C. § 1983. Motion at 3-4. In response, Scott argues that he specifically alleged in the Complaint that Warden Godwin's failure to ensure that his subordinates searched inmates' cells resulted in Cashe possessing a knife. Response at 3. To the extent Scott raises a supervisory claim against Warden Godwin, the Eleventh Circuit has stated:

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

"Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (internal quotation marks and citation omitted).[5] "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

"The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted).[6] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," Gonzalez, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

---

[5] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).
[6] Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

10

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008), overruled on other grounds by Randall, 610 F.3d at 709; see Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047-48 (11th Cir. 2014). In sum,

> To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct. See id. at 1328-29 (listing factors in context of summary judgment).[7] A supervisor cannot be held liable under § 1983 for mere negligence in the training or supervision of his employees. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990).

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam).

Here, any supervisory claim against Warden Godwin fails because Scott has not alleged sufficient facts to show that Warden Godwin was personally involved in, or otherwise causally connected to, the alleged violation of his Eighth Amendment right. Scott instead makes conclusory assertions that Warden Godwin failed to fulfill his duties pursuant to the Florida Administrative Code. Complaint at 4. As pled, his allegations amount to no

---

[7] West v. Tillman, 496 F.3d 1321 (11th Cir. 2007).

11

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Thus, the Defendants' Motion is due to be granted as to Scott's supervisory claim against Warden Godwin.

### C. Eleventh Amendment Immunity

Warden Godwin and Sergeant Kiser argue that, to the extent Scott sues them in their official capacities for monetary damages, they are entitled to Eleventh Amendment immunity. Motion at 6-7. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well-settled that, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276 (1986) (quotation omitted). The Eleventh Amendment also prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state treasury for the wrongful acts of the state. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999).

12

In Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam), the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. See Gamble,[8] 779 F.2d at 1513-20.

Accordingly, in Zatler, the court found that the Secretary of the Florida Department of Corrections was immune from suit in his official capacity. Id. Here, the Court need not consider whether Warden Godwin is entitled to Eleventh Amendment immunity in his official capacity because Scott does not state a plausible claim against him. To the extent Scott seeks monetary damages from Sergeant Kiser in her official capacity, the Eleventh Amendment bars suit. Accordingly, the Motion is due to be granted insofar as Scott requests monetary damages from Sergeant Kiser in her official capacity.

---

[8] Gamble v. Fla. Dep't of Health & Rehab. Serv., 779 F.2d 1509 (11th Cir. 1986).

13

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendants Warden Godwin and Sergeant Kiser's Motion to Dismiss (Doc. 7) is **GRANTED** as to Scott's (1) Eighth Amendment claim against Warden Godwin; (2) supervisory claim against Warden Godwin; and (3) claim for monetary damages against Sergeant Kiser in her official capacity.

2. Scott's claims against Warden Godwin are **DISMISSED without prejudice**. The Court **directs the Clerk** to terminate Warden Godwin as a Defendant in the case.

3. Defendant Sergeant Kiser shall respond to the Complaint (Doc. 1) **no later than January 11, 2023**. Upon the filing of Defendant's answer, the Court, by separate Order, will set deadlines for discovery and the filing of dispositive motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of December, 2022.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

14

Jax-9 12/5
C:    Saquin Scott, #N19231
       Counsel of record